UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DIMAS COLON-CRUZ,

       Petitioner,

  v.                                     22-CV-642
                                          16-CR-109
UNITED STATES OF AMERICA,          DECISION & ORDER

       Respondent.
_____

On June 28, 2017, the petitioner, Dimas Colon-Cruz, pleaded guilty to Counts 1 and 2 of the Indictment, which charged violations of 18 U.S.C. § 2119(2) (carjacking) and 18 U.S.C. § 924(c)(1)(A)(iii) (using a firearm in furtherance of a crime of violence), respectively. Docket Items 87 and 88.[1] As part of his plea agreement with the government, Colon-Cruz agreed that after including enhancements for an offense involving serious bodily injury (USSG §2B3.1(b)(3)(B)) and carjacking (USSG §2B3.1(b)(5)), his final offense level on Count 1 was 23 under the United States Sentencing Guidelines ("Guidelines"). *See* Docket Item 87 at ¶¶ 6-11. He further agreed that given that offense level, his criminal history category of V, and the mandatory consecutive seven-year term of incarceration on Count 2, the Guidelines would call for an aggregate sentencing range of 168 to 189 months (84 to 105 months on Count 1 to run consecutive to 84 months on Count 2). *See id*. at ¶ 13. And he

---

[1] The citations are to the criminal docket, 16-cr-109, and page numbers refer to ECF pagination.

agreed to waive his right to appeal or collaterally attack any sentence imposed within or below the Guidelines range. *Id.* at ¶¶ 24-26.

During the plea colloquy, this Court questioned Colon-Cruz extensively to ensure that he was proceeding knowingly and voluntarily. *See* Docket Item 195. The Court reviewed the appeal waiver and made sure that Colon-Cruz understood it. *Id.* at 44-45. Indeed, the Court specifically inquired about Colon-Cruz's understanding that he was "giving up [his] right to challenge [his] sentence if it's within or less than that range, even if in the future you learn facts that you think would justify a lesser sentence, and even if the law changes in a way that you think would justify a lesser sentence." *Id.* at 44. The Court ultimately sentenced Colon-Cruz to a below-Guidelines aggregate term of 154 months (70 months on Count 1 and 84 months on Count 2, to run consecutively). Docket Item 133 at 2.

On July 29, 2022, Colon-Cruz filed a motion to vacate his conviction under 28 U.S.C. § 2255. Docket Item 188.[2] Several months later, on December 15, 2022, the government responded. Docket Item 196. Colon-Cruz did not reply, and his time to do so has passed. *See* Docket Item 189 (reply due 20 days from receipt of government's response). For the reasons that follow, Colon-Cruz's motion is denied.

---

[2] It was not initially clear whether Colon-Cruz intended to file his petition under section 2255. This Court therefore issued an order stating that unless Colon-Cruz notified the Court in writing by October 7, 2022, that he voluntarily withdrew the petition, the Court would consider it under section 2255. Docket Item 189. Colon-Cruz responded, indicating that he did intend to file under section 2255. Docket Item 191.

2

## **DISCUSSION**

I. **MOTION TO VACATE**

Colon-Cruz seeks relief under 28 U.S.C. § 2255, which provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). He argues that his conviction on Count 2 (using a firearm in furtherance of a crime or violence) should be vacated under the Supreme Court's decision in *United States v. Davis*, 588 U.S. 445 (2019), and that he therefore should be resentenced. *See* Docket Item 188 at 6.

The government responds that Colon-Cruz's motion is barred by the appeal waiver in his plea agreement, and that, in any event, *Davis* does not apply to his case. For the reasons that follow, this Court agrees with the government.

A. **Colon-Cruz's Appeal Waiver**

"A defendant's knowing and voluntary waiver of the right to appeal or collaterally attack his conviction and/or sentence is enforceable." *Sanford v. United States*, 841 F.3d 578, 580 (2d Cir. 2016). Thus, so long as the plea was knowing and voluntary, a defendant who has signed an appeal waiver typically is barred from arguing that his sentence was calculated improperly. And that is true even if the defendant later becomes aware of new facts or if the law changes in a way that is favorable to the

3

defendant.  *See United States v. Haynes*, 412 F.3d 37, 38 (2d Cir. 2005) ("[A]ppeal waivers are applicable to issues arising subsequent to the plea agreement, including issues created by new judicial decisions."); *Garcia-Santos v. United States*, 273 F.3d 506, 509 (2d Cir. 2001) (per curiam) ("We have long enforced waivers of direct appeal rights in plea agreements, even though the grounds for appeal arose after the plea agreement was entered into.  The reasons for enforcing waivers of direct appeal in such cases lead us to the same conclusion as to waivers of collateral attack under [section] 2255." (internal citation omitted)).³

Here, Colon-Cruz agreed to waive the following rights:

> 24.  The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed.  *The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment*, a fine and supervised release set forth in Section III, ¶ 13, above, notwithstanding the manner in which the Court determines the sentence.  In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.
>
> 25.  The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts

---

³ A defendant who has signed an appeal waiver still may raise an ineffective-assistance-of-counsel claim "challenging 'the constitutionality of the *process* by which he waived [his right to appeal].'" *Parisi v. United States*, 529 F.3d 134, 138 (2d Cir. 2008) (emphasis and alteration in original) (quoting *United States v. Hernandez,* 242 F.3d 110, 113 (2d Cir. 2001)); *see also United States v. Lloyd*, 901 F.3d 111, 124 (2d Cir. 2018) (explaining that a defendant's "guilty plea [is] invalid and his appeal waiver [is] unenforceable if he prevail[s] on his claim that he received constitutionally ineffective assistance of counsel during his plea proceedings").  But Colon-Cruz raises no such claim here.

> *or a change in the law* which the defendant believes would
> justify a decrease in the defendant's sentence.

Docket Item 87 at ¶¶ 24-25 (emphasis added). And as already noted, this Court explicitly addressed those waivers with Colon-Cruz during the plea colloquy. Docket Item 195 at 44-45.

Colon-Cruz's claims fall squarely within his appeal waiver. Indeed, the plea agreement explicitly stated that a future change in law would not be a basis to challenge his conviction and sentence, Docket Item 87 at ¶ 25, and this Court confirmed Colon-Cruz's understanding of that provision under oath at the plea colloquy, *see* Docket Item 195 at 44. Colon-Cruz's motion therefore is barred by his appeal waiver.

### B. The Supreme Court's Decision in *Davis*

Even if Colon-Cruz's waiver did not apply, however, his motion still would not succeed on the merits. 18 U.S.C. § 924(c)(1)(A) provides mandatory minimum terms of imprisonment for crimes involving the brandishing or discharging of a firearm during and in relation to a "crime of violence." At the time of Colon-Cruz's conviction and sentencing,

> section 924(c)(3) offered two definitions for the "crime of violence" element of section 924(c)(1)(A): a felony that either "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

*See United States v. Costa*, 774 F. App'x 41, 42 (2d Cir. 2019) (summary order) (quoting 18 U.S.C. § 924(c)(3)). *Davis*, the case on which Colon-Cruz relies, "held that [section] 924(c)(3)(B)—known as the 'residual clause'—was unconstitutionally vague. But [section] 924(c)(3)(A)—known as the 'force clause'—remains in effect." *Young v.*

5

*United States*, 2020 WL 5077248, at *2 (E.D.N.Y. Aug. 27, 2020) (internal citation omitted) (citing *Davis*, 588 U.S. at 470).

As the government observes, "Colon-Cruz pleaded guilty and was convicted of violating 18 U.S.C. [§ 2119(2)], which qualified and still qualifies as a crime of violence under the [force] clause of 18 U.S.C. [§] 924(c)(3)(A)." Docket Item 196 at 15; *see Young*, 2020 WL 5077248, at *3 (explaining that "[t]he Second Circuit has held that . . . carjacking . . . qualif[ies] as [a] crime[] of violence under the force clause" (citing *United States v. Mohammed*, 27 F.3d 815, 819 (2d Cir. 1994)). Therefore, *Davis* had no effect on a conviction under section 924(c) based on carjacking. *See Young*, 2020 WL 5077248, at *3. So even if Colon-Cruz's appeal waiver did not bar his motion, his argument based on *Davis* would not succeed.

## **CONCLUSION**

For the reasons set forth above, Colon-Cruz's motion to vacate his conviction under 28 U.S.C. § 2255, Docket Item 188, is DENIED. His petition in W.D.N.Y. Docket No. 22-cv-642 is DISMISSED, and the Clerk of Court shall close that case.

The Court hereby certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. *Coppedge v. United States,* 369 U.S. 438 (1962).

Colon-Cruz must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within 60 days of the date this decision and order. *See Williams v. United States*, 984 F.2d 28, 31 (2d Cir. 1993). Requests to proceed on appeal as a poor person must be filed with the United States Court of

Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

    SO ORDERED.

DATED:    May 22, 2024
               Buffalo, New York

                                            */s/ Lawrence J. Vilardo*
                                            LAWRENCE J. VILARDO
                                            UNITED STATES DISTRICT JUDGE